[Civ. No. 6626.   Third Dist.   Apr. 22, 1942.]

LAURA B. TOMPKINS et al., Appellants, v. WALTER J. TAYLOR et al., Respondents.

Jay Maurice for Appellants.

H. L. Richardson for Respondents.

HAWKINS, J. pro tem.—This is an appeal from a judgment entered against appellants upon the amended cross-complaint of respondents, which judgment provides for the expulsion of appellants from membership in an organization known as the Angus Club, and further provides as follows:

"That defendants are entitled to continue the business of the said co-partnership provided they secure the payment by bond approved by the court, or pay to plaintiffs who have caused the dissolution of said alleged partnership wrongfully, the value of their interest in said alleged partnership less any damages recoverable by defendants under clause 2a II of section 2432 of the Civil Code of the state of California, and indemnify plaintiffs against all present and future partnership liabilities."

There are other provisions in said judgment providing for the appointment of a referee to audit the accounts of the said Angus Club "for the purpose of ascertaining the interest of each of the plaintiffs in said Angus Club, and to do any and all things necessary to terminate the interest of the plaintiffs in said Angus Club, in accordance with the above judgment."

The essential facts are as follows:

On or about April 15, 1935, plaintiffs and defendants entered into an oral agreement to form an organization for the purpose of purchasing, acquiring and developing real property in the city of Berkeley, county of Alameda, State of California. Thereafter a set of by-laws was adopted, officers were elected and regular meetings held. Later dissension arose among the members and appellants brought this action for a dissolution of the organization upon the theory that it was a partnership at will.

Appellants have adhered consistently to this theory, both in their pleadings and throughout the trial. Respondents, by their pleadings, alleged that the organization was not a partnership but a voluntary association, yet the judgment rendered gave relief provided for by section 2432 of the Civil Code, which section applies to partnerships.

There is no evidence in the record as to the terms of the original oral organizing agreement and the question as to whether the organization was a partnership or a voluntary association has to be determined from admissions in the pleadings, evidence of the contents of the by-laws and minutes of the organization and the conduct of the members. This question should be decided positively in the first instance by the trial court, and this has not been done.

Paragraph 1 of the Findings of Fact recites that "all of the allegations of paragraphs two and three of plaintiffs' complaint on file herein are true." Said paragraphs read as follows:

"II.

"That on or about the 15th day of April, 1935, and prior to the filing of this complaint, plaintiffs and defendants entered into an oral co-partnership agreement in the city of Berkeley, county of Alameda, state of California.

"III.

"That at the time the plaintiffs and defendants entered into the aforesaid oral agreement there was no definite time stated

for the duration and existence of said co-partnership aforesaid entered into orally by and between plaintiffs and defendants of the above entitled cause of action."

Paragraph 3 of the Findings of Fact reads in part:

"That on or about the 15th day of April, 1935, plaintiffs and defendants entered into an agreement for the purpose of organizing an unincorporated association for the purpose of purchasing, acquiring, and developing real property in the city of Berkeley, county of Alameda, state of California, and elsewhere, and with the ultimate intention of incorporation of said unincorporated association, and for the facilitation of their business transactions."

These two findings are totally inconsistent and the latter finding is in conflict with the conclusions of law and judgment which variously refer to the organization as a "co-partnership," a "so-called partnership," and an "alleged partnership."

There is nothing in the conclusions of law or judgment which determines definitely whether or not the organization was a partnership, and if so, whether it was a partnership at will or one for a definite term or for a particular undertaking.

For the reason that a determination of these questions is necessary to a decision in this case, and for other reasons hereinbefore given, the judgment is reversed, with directions to the trial court to vacate the judgment and findings and to enter new findings and a judgment which will conform to the views herein expressed.

Thompson, Acting P. J., and Tuttle, J., concurred.